UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Ozioma Edokobi

Plaintiff,

Case No. 25-13156
Honorable Linda V. Parker
Magistrate Judge Elizabeth A. Stafford

v.

University of Michigan et al.,

Defendants.
__________________________________/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE STAFFORD'S REPORT AND RECOMMENDATION (ECF NO. 16) AND GRANTING DEFENDANT'S MOTION TO DISMISS**

Pro se Plaintiff Ozioma Edokobi commenced this action on October 7, 2025, against the University of Michigan and several of its faculty members. (ECF No. 1.) In her complaint, Edokobi asserts claims for (1) racial discrimination and hostile work environment under 42 U.S.C. § 1983 and Title VI; (2) procedural due process violations under the Fourteenth Amendment; (3) denial of equal protection under the Fourteenth Amendment; (4) defamation; and (5) retaliation in violation of Title XI, Title VI and § 1983. (ECF No. 1, PageID.3-4.) On December 19, 2025, Defendants filed a joint motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 12.) Plaintiff filed her response on

December 22, 2025. (ECF No. 15.) In her response, Plaintiff conceded that her § 1983 claims against the University of Michigan were barred due to sovereign immunity, and that § 1983 does not provide a cause of action for defamation. She therefore agreed to their dismissal. (ECF No. 14, PageID.47.) Defendants filed a reply on the following day.[1] (ECF No. 15.)

The matter has been referred to Magistrate Judge Elizabeth A. Stafford for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 9.) On February 19, 2026, Magistrate Judge Stafford issued a report and recommendation ("R&R") in which she recommends that this Court grant Defendants' motion to dismiss. (ECF No. 16.)

Specifically, Judge Stafford finds that (1) Plaintiff's direct constitutional claims must be dismissed because § 1983 serves as the exclusive remedy for constitutional violations; (2) Plaintiff failed to plausibly allege facts to support her § 1983 claims against any individual faculty members; and (3) Plaintiff failed to present sufficient factual allegations to support a plausible retaliation claim under

[1] The filing was docketed as a "supplemental brief," but it was titled and functioned as a reply brief. (*See* ECF No. 15, PageID.51.)

Title VI or Title IX. (ECF No. 16, PageID.57-64.) Therefore, Magistrate Judge Stafford recommends that the action be dismissed in its entirety.

At the conclusion of the R&R, Magistrate Judge Stafford informs the parties that they must file any objections to the R&R within fourteen days. Plaintiff filed objections on March 2, 2026. (ECF No. 17.) When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). A general objection, or one that does nothing more than disagree with a magistrate judge's determination or summarize what has been presented before, is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs*., 932 F.2d 505, 508-09 (6th Cir. 1991). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Plaintiff raises four objections to Magistrate Judge Stafford's R&R. The first, third, and fourth are not proper objections; instead, Plaintiff uses them to introduce new factual allegations and to argue that an amendment of her complaint would not be futile. Such arguments do not constitute valid objections, and the Court will not address them here.[2] Accordingly, the Court rejects the objections.

Plaintiff's second objection argues that Judge Stafford erred in recommending that the Court dismiss her retaliation claims because Plaintiff can state a plausible retaliation claim under the First Amendment. However, Plaintiff did not raise a First Amendment retaliation claim in her complaint. She only alleged a claim of retaliation under Title IX, Title VI, and § 1983.[3] (*See* ECF No. 1, PageID.4.) In her objection, Plaintiff argues for the first time that she engaged in protected speech by "refus[ing] to consent to regarding and raising concerns regarding coercion." (ECF No. 17, PageID.69.) Because this new argument is untimely and does not constitute a valid objection, the Court need not consider it.

For these reasons, the Court rejects Plaintiff's objections to Magistrate Judge Stafford's R&R and adopts Judge Stafford's recommendations.

Accordingly,

---

[2] The Court acknowledges that Plaintiff filed a formal motion to amend her complaint. (ECF No. 18.) The Court will consider Plaintiff's motion to amend when it reviews Judge Stafford's R&R addressing the motion . (ECF No. 21.)

[3] Plaintiff does not offer any clear objections to Magistrate Judge Stafford's dismissal of her retaliation claims under Title XI, Title VI. (*See* ECF No. 17, PageID.69.)

**IT IS ORDERED** that Defendants' motion to dismiss (ECF No. 12) is **GRANTED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 18, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 18, 2026, by electronic and/or U.S. First Class mail.

s/R. Thieme
Case Manager